UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>MARIO L. ALLEN. | Criminal Action No. 3:03–CR–394-32<br>Civil Action No. 3:12–CV–383 |

## **MEMORANDUM OPINION**

THIS MATTER is before the Court on *pro se* Petitioner Mario Allen's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion") (Doc. No. 1319). For the reasons stated below, the Court DISMISSES Allen's § 2255 Motion.

## **BACKGROUND**

On March 4, 2004, Allen and seventeen other individuals were indicted in a two-count Third Superseding Indictment for conspiracy to violate the racketeering influenced and corrupt organizations (RICO) act, in violation of 18 U.S.C. § 1962(c), and conspiracy to possess with intent to distribute and to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. § 846. The RICO count charged that Allen conspired to commit multiple acts involving murder, in violation of Virginia Code sections 18.2-18, 18.2-26 & 18.2-32, and multiple acts involving drug trafficking, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii), & 846. Following a seven day trial, a jury found Allen guilty of both counts charged in the Third Superseding Indictment on August 3, 2004. On November 17, 2004, this Court sentenced Allen to a term of life

imprisonment on each count to be served concurrently to each other and with his then-present state sentence on related charges. Allen timely appealed to the Fourth Circuit, which affirmed his sentence on March 21, 2006. *United States v. Batts*, 171 F. App'x 977 (2006). The Fourth Circuit's judgment became final on April 21, 2006. Allen subsequently filed a petition for writ of certiorari in the United States Supreme Court, which was denied on October 2, 2006. *Batts v. United States*, 549 U.S. 865 (2006).

During the course of appeals on his federal convictions, Allen was serving a sentence in the Virginia Department of Corrections on his state charges. Allen was transferred to the federal Bureau of Prisons to serve the remainder of his life sentence received in this Court in mid-2007. On November 28 2007, Allen sent a letter to the Court asking for an extension of time to file a § 2255 Motion (Doc. No. 969). In his letter, Allen asked for "a fair chance to file my 2255 Motion while enjoining the 1-year, statute of limitations which ended Oct. 6, 2007." The Court denied Allen's request for lack of subject matter jurisdiction on January 8, 2008 (Doc. No 968).

On July 10, 2010, Allen filed a motion entitled "Petition for Relief Not to be Construed as a Second and Successive 2255 Motion" (Doc. No 1210). Despite the motion's captioning, the Court construed the motion as a petition for "Relief Pursuant to 28 U.S.C. § 2255" (Doc. No 1244). The Court further found the petition was untimely filed more than one year after Allen's conviction became final under 28 U.S.C. § 2255(f)(1). Before dismissing the petition as untimely, however, the Court provided Allen with thirty days to respond and demonstrate that equitable tolling was warranted under *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Rather than responding with an attempt to demonstrate his petition was entitled to equitable tolling, Allen filed a Motion to Dismiss Proceedings Without Prejudice (Doc. No 1250). The Court granted

the motion and dismissed Allen's petition without prejudice on May 24, 2011 (Doc. No. 1252).

On May 11, 2012, Allen filed the instant § 2255 Motion. In his § 2255 Motion, Allen alleges four grounds for relief:

> Ground One: The evidence does not support the verdict and the evidence is insufficient to ascertain a conviction of murder and a RICO Act violation.
>
> Ground Two: Counsel for the Petitioner rendered and provided to the Petitioner ineffective assistance and violated the Petitioner's constitutional rights.
>
> Ground Three: The Court allowed and permitted Petitioner to be tried on charges that are not made in the indictment against him.
>
> Ground Four: The Petitioner is actually innocent of the charged offenses of his indictment.

Each of the four grounds argues in various fashions that Allen's constitutional rights were violated because he alleges he was convicted of murder, which was not charged in the indictment.

## DISCUSSION

### I. LEGAL STANDARD

Under 28 U.S.C. § 2255 ("§ 2255"), a prisoner in federal custody may attack his sentence on four grounds: (1) the sentence violates the Constitution or the laws of the United States; (2) the court lacked jurisdiction to impose the sentence; (3) the sentence exceeded the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. § 2255; *see also Hill v. United States*, 368 U.S. 424, 426–27 (1962). A claim which does not challenge the constitutionality of a sentence or the court's jurisdiction is cognizable in a § 2255 motion only if the alleged violation constitutes a "miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). To prevail

under § 2255, the movant bears the burden of proof by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958); *United States v. King*, 36 F. Supp. 2d 705, 707 (E.D. Va. 1999). A *pro se* petitioner is held to a less exacting standard than an attorney in drafting his petition. *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978). Therefore, the Court generously interprets Allen's factual allegations and legal contentions.

Petitions for collateral relief pursuant to § 2255 are subject to a one-year statute of limitations. § 2255(f). Specifically, a petition under § 2255 must be filed within one year after the latest date on which (1) the judgment against the defendant became final; (2) any impediment to making the motion that was created by the government and violates the Constitution or laws of the United States was removed; (3) the Supreme Court first recognized the right the defendant claims, provided that the right applies retroactively to cases on collateral review; or (4) on which the facts supporting the defendant's claim could have been discovered by exercising due diligence. *Id.* A conviction becomes final when one of three events occur: (1) the opportunity to appeal the district court's judgment expires; (2) the defendant's opportunity to file a petition for a writ of certiorari from the appellate court expires; or (3) the United States Supreme Court denies the inmate's petition for a writ of certiorari. *See Clay v. United States*, 537 U.S. 522, 524–25, 532 (2003).

The one-year limitation period has been construed as a statute of limitations rather than a jurisdictional bar. *See Day v. McDonough*, 547 U.S. 198, 205 (2006). Lack of timeliness is an affirmative defense, *United States v. Blackstock*, 513 F.3d 128, 133 (4th Cir. 2008), and subject to equitable tolling. *United States v. Prescott*, 221 F.3d 686, 688 (4th Cir. 2000). A finding of equitable tolling is proper in "'those rare instances

4

where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party.'" *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) (quoting *Harris v. Hutchinson*, 209 F.3d 325, 328 n.1 (4th Cir. 2000)). For equitable tolling to apply, an otherwise time-barred petitioner must demonstrate (1) that he has been pursuing his rights diligently, and (2) extraordinary circumstances stood in his way and prevented timely filing. *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (quoting *Pace*, 544 U.S. 418); *see also United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (quoting *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc)).

## II. ANALYSIS

The Court finds Allen's § 2255 Motion is untimely and that he is not entitled to equitable tolling. Allen's conviction became final on October 2, 2006, when the Supreme Court denied his petition for a writ of certiorari. *See Batts*, 549 U.S. 865; *Clay*, 537 U.S. 524–25, 532. Allen's § 2255 Motion was untimely filed on May 11, 2012, more than one year after his conviction became finalized.[1] § 2255(f)(1). Allen's § 2255 Motion must therefore be dismissed unless he is entitled to equitable tolling of the statute of limitations. Allen argues he should be entitled to equitable tolling because he did not know the Supreme Court ruled on his petition for writ of certiorari. This argument is belied by his letter to this Court on November 28, 2007. In his letter, Allen asked the Court to grant him an extension of time to file a § 2255 motion despite the fact that the statute of limitations period expired on October 6, 2007. Though Allen's calculation of the statute of limitations period was off by four days, the letter clearly indicates he knew

---

[1] Subsections 2 through 4 of § 2255(f) are not implicated in this case. Accordingly, Allen's § 2255 Motion is untimely because it was filed after October 2, 2007.

5

the statute of limitations period ended in early October 2007, a year after the Supreme Court declined to hear his case. Allen, however, did not file his § 2255 Motion until four and a half years later. Allen's argument that he was hindered in filing his § 2255 Motion because his attorney negligently failed to inform him the Supreme Court ruled in his case is clearly inaccurate and does not entitled Allen to equitable tolling of the statute of limitations. The Court therefore DISMISSES Allen's § 2255 Motion as untimely filed.

## III. CERTIFICATE OF APPEALABILITY

A district court that enters a final order denying a § 2255 motion must grant or deny a certificate of appealability. Rule 11(a) of the Rules Governing Section 2255 Proceedings. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Miller-El*, 537 U.S. at 336–38 (citing *Slack*, 529 U.S. at 484). For the reasons stated more fully above, no law or evidence suggests Allen is entitled to further consideration of his claims. Accordingly, the Court DENIES a certificate of appealability.

## **CONCLUSION**

For the reasons stated above, the Court DISMISSES Allen's § 2255 Motion and DENIES a Certificate of Appealability.

Let the Clerk send a copy of this Memorandum Opinion to Mr. Allen and all counsel of record.

An appropriate order shall issue.

_____/s/_____
James R. Spencer
United States District Judge

ENTERED this   16th   day of April 2013.